Turley, J.
delivered the opinion of the court.
We do not consider it necessary to enter into a minute investigation of the several propositions presented for consideration in this case, because we are unable to distinguish it in principle from the case of Mahala vs. The State, reported in 10 Yerger, where the question of the power of the courts to discharge a jury in criminal cases has been fully investigated. It is true, in that case the jury was discharged by the court after the testimony had been heard because they said they would not agree upon a verdict, and in the present it was discharged after the bill of indictment had been read because the court thought it was not composed of men who were omni ezceptioni majores; but still we think that the same rules of law which prohibited it in the first case also prohibits it in the last. We deem it unnecessary to en-quire whether the jurors who composed the jury in the present case were good and lawful men under our statutory provisions or not, because, if there were objections to them they were of that kind which are to be classed under the cause of challenge propter defectum, and it is well settled, both by the authorities of the courts of Great Britain and of the State of Tennessee, that it is too late after a jury has been sworn to challenge any of its members propter defectum, to be now a debateable point. But in the present case the court permitted the attorney general, not only after the jury had been sworn but after the prisoner had been put upon his deliverance, to challenge ten of the jurors propter defectum, and set them aside against the prisoner’s consent, and compelled him to select ten others, who, in conjunction with the remaining two, returned the verdict upon which the judgment sought to be reversed was pronounced. That this was an illegal act cannot be controverted; it was error, and such error as cannot be corrected by reversing and remanding the cause for further proceedings, because it will be impossible eve;' to. *260 place the prisoner in the same position he occupied when his was, thus illegally broken up. The only remedy is to discharge him. It is argued for the State that a court may discharge a jury whe.n it is for the benefit of the prisoner that it should be done or is matter of indifference to him. There is no case to be found where a jury has been discharged in either of the specified cases without the consent of the prisoner. In the case of the Kinlocks, reported in Foster, the jury was discharged by the court, with the consent of the prisoners, to enable them to make a defence which they otherwise could not have done; and it afterwards became matter of very great debate whether this was not an illegal proceeding, and after elaborate argument the court decided that it was not because the prisoners had consented thereto. It is also argued that all the authorities are that a jury cannot be discharged after they have been sworn and charged, which, it is contended, means after they have been sworn and the testimony or a part of it been heard by them. By the word “charged’’ we think is meant after the prisoner has been placed in the hands of the jury for trial; this by the practice in England was always formally done immediately after the jury were sworn, and before the bill of indictment was read and any of the testimpny he.ard; it means, therefore, charged with the fate of the prisoner and not with the testimony or law of the case as is argued. In this case then a jury select-, ed by the prisoner has been discharged by the court contrary to law, after they were sworn and charged, and against his consent, and he has been forced to trial before a jury not of his choice, who have convicted him of the offence with which he stands .charged. To sustain the. judgment under such circumstances would be to endanger the right of trial by jury and to violate principles well settled by authority in Eur rope and the United States. This we cannot do. The judgment of the circuit court must therefore be reversed and the prisoner discharged.